No. 45.—The Justices of the Inferior Court of Muscogee county, as a Court of Ordinary, plaintiffs in error, *vs.* Peter McLaren, defendant in error.

An executor is bound to return to the Court of Ordinary an inventory of the partnership effects in which his testator had an interest as a co-partner. If not in his power to procure a complete and perfect inventory, then he should return his testator's interest in the co-partnership property, to the best of his ability : the amount of stock on hand at the time of his death—the amount of debts due from and to the co-partnership. The Court of Ordinary, in such case, will exercise a sound discretion as to the kind of inventory they will accept.

On the 3d day of November, 1845, the justices of the Inferior Court of the county of Muscogee, sitting as a Court of Ordinary, in regular term, passed an order, requiring the defendant in error to show cause, on or before the then next regular term of said Court of Ordinary, why his letters testamentary, as executor of James McLaren, deceased, should not be revoked, and he be discharged from said trust, on the ground that he had failed to make any return, within the time prescribed by law, of assets in his hands, in terms of the statute in such cases. With which rule the defendant in error was duly served ; and at January Term, 1846, of said Court of Ordinary, the defendant in error appeared, and showed for cause why the letters testamentary granted to him should not be revoked, because he had made no returns, and had shown no assets in his hands ; that soon after his qualification as executor he left the State, and that, prior to his leaving, no assets or effects of said testator had come to his hands ; that, since his return, he had examined a pocket-book, containing the individual papers of said testator, and submitted a schedule thereof. He further showed that said testator, was the partner of the defendant in error, in mercantile business, under the firm of J. & P. McLaren ; and that he had not returned or inventoried his testators's interest in said concern :

1st. Because his rights in the same, as surviving co-partner, were paramount to his rights as executor ; and *that* interest did not constitute assets in his hands, as executor, until the full and final settlement of said partnership concern ; and

2d. Because it had been impracticable so to wind up and settle said partnership concern, as to determine the interest of said testator in the same.

The defendant in error further stated, that there were many outstanding debts due said firm of J. & P. McLaren, the right to collect which was in him, as surviving co-partner, and not as executor ; and there were debts unpaid due from said partnership, the duty of paying which devolved upon him, as surviving partner, and not as executor. He further stated, that since the decease of his testator, without any individual assets in his hands out of which to pay the same, he had paid various individual debts of said testator, amounting to the sum of six hundred and ninety-five dollars and forty-three cents, and submitted a schedule thereof. This return, or answer, of the defendant in error was sworn to. Upon the hearing before the Court of Ordinary, it was determined that the showing of the defend-

ant in error was insufficient ; and thereupon his letters testamentary were, by that court, annulled and revoked ; from which the defendant in error appealed to the Superior Court.

At May Term, 1846, of the Superior Court of the said county of Muscogee, the said appeal was tried before Judge Hill, presiding in said term ; and, after argument heard, the court reversed the decision aforesaid of the Court of Ordinary, and discharged the rule *nisi* granted by that court against the defendant in error ; to which the counsel for the plaintiffs in error excepted, and assigns, that the court committed error in reversing the judgment of the said Inferior Court, sitting for Ordinary purposes.

JAMES JOHNSON, for the plaintiffs in error.

It is the duty of an executor to make an inventory of all the *rights* and *credits* of the testator.—*Hotchkiss,* 475.

. Rights and duties are correlative terms, and when the law imposes a duty, it also declares a corresponding right.—1 *Blackstone,* 88.

The deceased has an estate in partnership property, which the executor must reduce to possession, upon the payment of the partnership debts.—*Story,* 491 to 499.

, An inventory is required for the benefit of creditors and legatees, and must contain a description of property in possession and in action.—9 *Petersdorf,* 197 ; *Williams,* 706 ; *Toller Ex.* 251 ; 1 *Ecclesiastical Reports,* 78–81, 185 ; 2 *ib.* 283 ; 3 *ib.* 105 ; 3 *Bacon's Abr.*

HINES HOLT, for the defendant in error.

This case was, by agreement of counsel, submitted to the court, upon the *single* question, whether the defendant, as executor, was bound to return, as part of the estate of his testator, his (the testator's) interest in a mercantile firm, of which the defendant was the surviving co-partner. .

The court having, on the submission of this question, decided that he was not so bound, but that his control over said interest, as surviving co-partner, was paramount to his control as executor, the plaintiffs in error excepted.

The defendant in error will maintain the correctness of said decision, and upon the following authorities—*Gow. on Partnership,* 356 to 360 ; 1 *Paige's Ch. Rep.* 393 ; 3 *ib.* 525 ; 1 *Dallas' Rep.* 248–249 ; 2 *ib.* 65 ; 7 *Mass. Rep.* 257 ; 2 *Hill's Rep.* 595, and cases there cited.

*By the Court*—WARNER, Judge.

The single question involved in this case is, whether the defendant in error, from the facts stated in the record, ought to have exhibited an inventory to the Court of Ordinary, as the executor of James McLaren, deceased. It appears the defendant and the deceased were partners in trade, and the only question made at the bar was, whether the defendant, as executor, ought to make an inventory of his testator's interest in the co-partnership property. The defendant in error insists, he was entitled to control the partnership property, as survivor, for the settlement of the co-partnership debts, and that the same cannot be considered as assets in his hands, as executor. Although it is true the surviving partner has the right to control the joint partnership property, for the purpose of winding up the co-partnership business, yet, when that is done, the legal representatives of the deceased partner would be entitled to his share of the *surplus,* if any. By the 1st section of the act of 1764, every executor and administrator is required to cause to be made, on oath, a true and

just appraisement of all and singular the goods and chattels of his testator or intestate, together with a *full and perfect inventory of all and singular the rights and credits of the said testator or intestate*, whether the same be in ready money, judgments, bonds, or other specialties, or notes of hand ; together with a list or schedule of the books of account of such testator ; to which books, all parties concerned shall, upon request, and at convenient times, have free access : and every such executor and administrator shall be, and they are hereby, made chargeable with the real value of the goods and chattels in said inventory contained, and with so much of the credits only as he, she, or they, after due care and diligence, shall recover and receive, in like manner as executors are made chargeable, by the common and statute law of England.—*Prin. Dig.* 222. By this act, the executor is required to make a full and perfect inventory, of *all and singular the rights and credits of his testator ;* but is only made chargeable with so much thereof, as he may recover and receive, after due care and diligence.

The testator, clearly, had a *right* and an *interest* in the co-partnership effects, of which, in our judgment, the defendant ought to have exhibited an inventory. At any rate, he ought to have stated his interest in the co-partnership property, to the best of his ability ; the amount of stock on hand at the time of his death ; the amount of debts due from, and to, the co-partnership, for the information of persons interested in the testator's estate. This would be important where the persons interested in the testator's estate were infants, or resided out of the State. In the case of *Phillips* vs. *Bignell et al.*, Sir John Nicholl held, the executor was bound to exhibit an inventory of a *probable* or *contingent* interest.— 1st *English Ecclesiastical Rep.* 79—See *Middleton* vs. *Rushout*, *ib.* 81. In *Reeves* vs. *Freeling*, (*ib.* 185,) an inventory was called for, which was resisted, on the ground it would be attended with great difficulty, as the deceased was engaged in a banking-house, and his profits would not be concluded till May, 1813. The inventory was called for in 1812. Sir John Nicholl, in giving judgment, says : " I have known the court to exercise a judgment on these questions, particularly in complicated cases. It cannot be necessary for the party to enter into all the accounts of the banking-house. The court will in this case exercise a discretion as to the sort of inventory it will accept. It cannot be difficult to make one out. There must be an account for the rest of the family ; and though the person calling for the inventory has but a *contingent* interest, he has a right to a constat of the effects." As before remarked, infants and absent persons may be deeply interested in the estate of the deceased partner, and if there was no inventory thereof on the records of the proper court, it might be extremely difficult, especially after a lapse of years, to trace the effects into the hands of the executor. Reason and sound policy seem to require an inventory at the hands of the executor, and the statute requires it. The Court of Ordinary will not require an impossibility ; but will exercise a sound discretion as to the kind of inventory they will accept. The statute contemplates, he shall make as *full and perfect inventory* as shall be in his power.

Let the judgment of the court below be reversed.